UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, and JANE DOE 3, et al.,<br><br>　　Plaintiffs,<br><br>v.<br><br>G&M, LLC, d/b/a FOXX TAILS, and Gail Rodgers,<br><br>　　Defendants. | Case No.: 2:16-cv-01477-MHH |

## MEMORANDUM OPINION

This opinion concerns a proposed FLSA settlement. In the complaint, plaintiffs Jane Doe 1, Jane Doe 2, and Jane Doe 3 contend that defendants G&M, LLC d/b/a Foxx Tails and Gail Rodgers violated provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*[1] The parties have agreed to settle the plaintiffs' FLSA claims, and the parties have asked the Court to approve the terms of the proposed settlement. (Doc. 54). For the reasons stated below, the Court approves the settlement because it is a fair and reasonable compromise of a bona fide dispute.

---

[1] The Court denied Foxx Tail's motion to compel the plaintiffs to litigate this action in their actual names. (Doc. 33).

1

## I. BACKGROUND

Jane Doe 1 and Jane Doe 2 filed this action on September 8, 2016, and later amended the complaint to add Jane Doe 3 as a plaintiff. (Doc. 1; Doc. 13). Each plaintiff worked as a dancer at Foxx Tails, a lounge and night club. (Doc. 13, p. 4). Jane Doe 1 worked at Foxx Tails in September and October of 2015. (Doc. 13, p. 3). Jane Doe 2 worked at Foxx Tails in September and October of 2015. (Doc. 13, p. 3). Jane Doe 3 worked at Foxx Tails from February of 2014 to May of 2016. (Doc. 13, p. 3).

The plaintiffs allege that Foxx Tails violated the FLSA, 29 U.S.C. § 206, *et seq.*, by failing to pay the plaintiffs the required minimum wage for each hour worked. (Doc. 13, pp. 5, 18). According to the plaintiffs, Foxx Tails classified the plaintiffs as independent contractors, did not pay the plaintiffs minimum wage, and retained portions of plaintiffs' tips. (Doc. 13, pp. 18-26). Foxx Tails denies that it violated the FLSA. (Doc. 39, p. 14). Foxx Tails argues that the plaintiffs were independent contractors who are not entitled to recover under the FLSA. (Doc. 54, p. 3). Moreover, Foxx Tails contends that even if the plaintiffs were employees, there are no records of the number of shifts the plaintiffs worked, the portion of tips the plaintiffs paid, or the number of private dances the plaintiffs performed. (Doc. 54, p. 3). Foxx Tails has raised several affirmative defenses and a counter claim for unjust enrichment. (Doc. 39, pp. 11-15).

With the assistance of a mediator, the parties negotiated a settlement of the plaintiffs' FLSA claims. (Doc. 54, p. 2). In exchange for dismissal of the FSLA claims against it with prejudice, Foxx Tails has agreed to settle the plaintiffs' FLSA claims for a sum of $23,800.00. (Doc. 54, p. 5). The $23,800.00 consists of Jane Doe 1 receiving $1,100.00, Jane Doe 2 receiving $16,000.00, and Jane Doe 3 receiving $6,700.00. (Doc. 54, p. 5). Additionally, Foxx Tails will reimburse plaintiffs' expenses totaling $1,290.99 and pay an attorney's fee of $21,909.01. (Doc. 54, p. 4).

On this record, the Court considers the parties' motion to approve the proposed settlement of the plaintiffs' FLSA claims.

## II. DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'" *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a). Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.''" *Barrentine*, 450 U.S. at 739 (emphasis in original). In doing so, Congress sought to protect, "the public's independent interest in assuring that employees' wages are

fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

If an employee proves that her employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also O'Neil*, 324 U.S. at 707. "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1352; *see also Hogan*, 821 F. Supp. 2d at 1281-82. "[T]he parties requesting

4

review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The information that the parties provide should enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve a settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (emphasizing that a proposed settlement must be fair and reasonable).

Based on the Court's review of the parties' motion for approval of their proposed settlement agreement and the information that the parties provided to the Court during the September 24, 2018 conference concerning the proposed settlement, the Court finds that there is a bona fide dispute in this matter that supports the proposed settlement. The parties dispute whether the plaintiffs are employees entitled to wages under the FLSA or independent contractors. (Doc. 39, p. 14; Doc. 43, p. 2). Foxx Tails also challenges the plaintiffs' ability to prove the hours that they worked because there are no records of those hours, but if the plaintiffs are employees, then the defendant was obligated to maintain records of

5

the plaintiffs' hours. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946). These bona fide disputes support the parties' proposed settlement.

The Court finds that the method used to calculate the plaintiffs' disputed wages is fair and reasonable under the circumstances of this case. The settlement proceeds of $1,100.00 for Jane Doe 1, $16,000.00 for Jane Doe 2, and $6,700.00 for Jane Doe 3 represent a fair and reasonable compromise based on the existing evidence regarding unpaid wages. (Doc. 54, p. 4). The amount of a damage award is uncertain because there is little documentation of the hours worked, pay given, or tips received by the plaintiffs. (Doc. 54, p. 3).

The parties also negotiated an attorney's fees of $21,909.01. (Doc. 54, p. 4). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352); *see also Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1290 (N.D. Ala. 2014) (noting that even where payment of attorney's fees does not reduce the compensation negotiated for and payable to an FLSA plaintiff, "the court is required to review for fairness and approve the fee and expenses proposed to be paid by the defendants in the settlement."). Based on its review of the record, the Court finds that the attorney's fee of $21,909.01 is fair and reasonable. It does not appear that this fee

award compromises the plaintiffs' recovery. Accordingly, the Court finds that the agreed attorney's fee adequately compensates plaintiffs' counsel and does not taint plaintiffs' recovery.

The Court does not approve the broad release language that the parties propose in Section 1(A) of the settlement agreement, (Doc. 54, pp. 9-10), because the provision violates the legislative purposes of the FLSA. An employer may not "'use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA.'" *Hogan*, 821 F. Supp. 2d at 1284 (explaining that broad release clauses and confidentiality provisions "may be standard to civil litigation, but in the context of the FLSA, they represent 'side deals'" or concessions that employees should not have to make to receive wages due and stating that courts should "closely examine[]" such clauses to determine whether the clauses are overbroad or unfair) (quoting *Moreno v. Regions Bank,* 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). Thus, the release language in the parties' Settlement Agreement and Release is unenforceable to the extent that it calls for release of any claim other than the plaintiffs' pending FLSA claims.

### III. CONCLUSION

For the reasons stated above, the Court approves the parties' proposed settlement of Jane Doe 1, Jane Doe 2, and Jane Doe 3's FLSA claims. The Court

concludes that there is a bona fide dispute regarding plaintiffs' FLSA claims, and the terms that the parties have negotiated constitute a fair and reasonable resolution of that dispute. The Court grants the plaintiffs' motion to strike or dismiss Foxx Tails's counterclaim. (Doc. 48). The Court will enter a separate order dismissing the plaintiffs' claims with prejudice and closing the file.

      **DONE** and **ORDERED** this October 3, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE